*178 OPINION of the Court, by
Judge Owsley. —
.Seddew having an equitable claim .for compensation against JoseP®1 Winlock and John Waller, in 1801 exhibited his hill in equity, setting forth the grounds of his claim against them, and also alleging that Waller, by a co-lourable and fraudulent conveyance, to defraud his crc-d'itors, and particularly the. complainant, without any valuable consideration, mortgaged. nearly all of Ms property to Stern, by tked of the 15th of November 1799 ; ar*^ ⅞⅛1 he in the same fraudulent maimer conveyed to said Stem 140 acres of land in Pendleton count}', by deed bearing date 11th of May 1801: and prays a decree against Winlock and Waller for the amount of his demand against them,: and asks a cancelrticftt of the deeds to Stern, so as to subject the property conveyed ^ jj¡g against Waller. Process issued against Winlock and Wailcr shortly after the filing of the bill, but none issued against Stern until 1810 ; and the pro-ccss then issued commanded Stern to appeal- and answer a bill exhibited against him and others by Sed-den, without naming who the others were $ and this pro--cess liaving been executed on Stern, and the cause proP«dy prepared for hearing as to W inlock and Waller, and intern failing to appear and answer the bill, as to ](⅛ ¡t was taken for confessed, and compensation de-crccq according to the prayer of the bill against Win- *179 lock and Waller., and the deeds from Waller to Stern held fraudulent and decreed to be cancelled as to the demand of Sedden.
And bin ^ 'ro!(i deeifs“ and fabjea the property to ex-"hat c. had mia of the fraud.
The correctness of the decree against Winlock and Waller is not contested, but Sodden's right as against them is admitted by all parties to be just. Stern, however, not being satisfied with the decree, so far as respects Mm, has brought the cause before this court by writ of error; and by the assignment of errors questions the correctness of the proceedings in taking the bill for confessed against him, and also the sufficiency of the alie-gations of the bill to justify the decree avoiding the deeds of conveyance from W aller to him.
The failure to issue process against Stern, from the tiine of filing the bill in 1801, until 1810, surely cannot vitiate the subsequent proceedings in taking the bill for confessed. By that failure it is admitted Sedden lias evinced in a high degree the want of vigilance in the management of his cause; but Stern could not in any possible manner have been damaged thereby; and consequently for that cause he has no just reason to com-
Thc objection to the sufficiency of the process against Stern, because of its not naming the other defendants against whom the bill was exhibited, cannot avail. Every object intended to be attained by the service of process in chancery, must have been as fully accomplished by the process in this case as though the other defendants had been named. By that process he was notified of the exhibition of^vbill against him, and by adverting to that hill he migbr readily have discovered the cause of complaint with which he was charged ; and as Stern failed to appear ami answer the hill after the process was regularly served upon him, the order in taking it for confessed was strictly regular.
With respect to the sufficiency of the allegations of the bill to warrant a decree against Stern, we entertain no doubt: for if Waller by a colourable and fraudulent deed, with an intent to defraud his creditors, has conveyed his property to Stern without consideration, the conveyance, as to the creditors of Waller, is most indisputably void ; and as Sedden appears to be one of that character, the decree avoiding the deed as to his demand is clearly correct1. It was not necessary, as was supposed in argument, for the bill to allege Stern had no *180 tice of the fraud when he received the conveyance : for as.the bill charges the conveyance to be merely voluntary, as to Stern it cannot be material whether he had or had not notice of the fraud (dent intention of Waller,
The same observations will apply with equal propriety to the deed which was last executed by Waller as to the first: for although the allegations of the hill are not precisely the same in relation to the latter deed as to that of the former, it is plain it was intended, by reference to the previous charge, to allege the execution of the latter to be made under the same colourable and fraudulent circumstances as were charged with respect to the former’.
The decree of the court below’ must therefore be affirmed with costs and damages.